Laurence A. Wood, S.
This is an appeal by the executor of this estate from an order made and entered March 6, 1963, fixing the tax on the estate of decedent, William M. Ryan. The tax schedules as filed claimed a deduction under Schedule K at item number 8 in the amount of $4,376.22, as a debt due and owing by decedent at the time of death. This deduction was not allowed by the appraiser on the grounds that it represented attorneys’ fees which had been previously allowed in the appraisal of the estate of this decedent’s wife, Rose Tubbert Ryan, as an administration expense for estimated attorneys’ fees in the administration of that estate. It is the contention of the State Tax Commission that because that deduction was allowed in the Rose Tubbert Ryan estate, it would amount to a double tax deduction if again allowed as a deduction in the *1093 appraisal of this estate. William M. Ryan was the executor of the estate of his wife, Rose Tubbert Ryan, and was the sole residuary legatee in that estate. After paying debts and specific legacies and the estate taxes found due on his wife’s estate, Mr. Ryan transferred the remaining assets to himself as sole residuary legatee. No proceeding for judicial settlement was had in the said Rose Tubbert Ryan estate. It is conceded that although the sum of $4,000 was allowed by the Tax Commission as exemption for attorneys’ fees estimated, this bill for attorneys’ fees was never paid by Mr. Ryan to the said attorneys and remained unpaid at the time of his death. Subsequent to his death and in the course of the administration of his estate, his executor has paid this item together with an additional $376.22 of attorneys’ disbursements. This payment was made on the grounds that it was a valid debt due and owing by the decedent at the time of his death.
At the time Mr. Ryan took into his name the remaining net assets of his wife’s estate without paying the attorneys’ fee then due and owing, he automatically assumed a personal liability and obligation for the said attorneys’ fee. Whatever the reason was that it was still unpaid at the time of his death, does not alter the fact that it continued to be his personal liability and obligation which the creditor could have collected at any time it saw fit. The debt was never excused and as above stated, has now been paid by Mr. Ryan’s executor. The gross estate as returned by the executor and as agreed to by the appraiser was $193,285.09. If Mr. Ryan had paid this debt of his before he died, his gross estate would have totaled the sum of $188,908.87 or $4,376.22 less than the amount returned and agreed on by the tax appraiser. If that course had been taken, Schedule K of the tax return of his estate would not have contained this same amount as there contained under item number 8. We hold that the same result is reached either way. That is, the net taxable estate of William M. Ryan is still the same amount by allowing this valid debt as a taxable deduction against the gross estate as it would have been if the debt had been paid and the gross estate was returned in an amount correspondingly smaller to the extent of this debt.
By article 10-C of the Tax Law at section 249-n, the State of New York imposes a tax “ upon the transfer of the net estate of every person dying”. Thus, before any tax can be fixed, there must first be determined the gross estate pursuant to section 249-r of the Tax Law. After this amount, about which there is no disagreement in this case, has been determined, then there must be determined the value of the net estate, pursuant *1094 to section 249-s. Under this latter section, any legal valid debt or obligation owing by the decedent is deductible in determining the value of said net estate. Section 249-n as will be noted, gives significant importance to the word “transfer”. This word “ transfer ” means the taking by those entitled thereto of the net estate whether pursuant to a will or the laws of intestacy. There clearly can be no such “ transfer ” of this disputed item of $4,376.22 when it was paid to a creditor of the decedent. Therefore, this item is not properly included in the net estate which is being transferred under this decedent’s will.
The taxing order of March 6, 1963 is hereby revoked and a new taxing order should be prepared in which this item of $4,376.22 shall be added to the deductions heretofore allowed from the gross estate in arriving at the net taxable estate.